GEORGE SCOTT

*v.*

THE ERIE RAILWAY COMPANY et al.

A bill against several defendants for a discovery, accounting and repayment of alleged unlawful overcharges for freight, the liability therefor being purely legal and enforceable at law, cannot be sustained, on the ground that one defendant is liable as the lessee of several short lines of railroad, and that the other defendants, the lessors, are also liable, and that if complainant be compelled to resort to law for redress, he must sue each defendant for a fractional part of each overcharge.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. T. D. Hoxsey,* for complainant.

*Mr. Cortlandt Parker,* for defendants.

THE CHANCELLOR.

The bill is filed for an account of moneys alleged by the complainant to have been paid by him to the defendants, which are the Erie Railway Company and its lessors, the Paterson and Ramapo Railroad Company, the Paterson and Hudson River Railroad Company, and the Long Dock Company, in excess of the lawful charges for freight carried by the Erie Railway Company, from Paterson to New York, for him, between the 1st of March, 1872, and the 1st of September, 1874. The bill states that the length of railroad between the depot at Jersey City and the city of Paterson is fifteen and sixty-three hundredths miles, which is made up of two and fifty-six hundredths miles of the railroad of the Long Dock Company, twelve and fifty-eight hundredths miles of the Paterson and Hudson River railroad, and forty-nine hundredths of a mile of the Paterson and Ramapo railroad; and that the Erie Railway Company, during all the period in respect of which the account is claimed, was operating that road under a lease from the railroad companies by which it was owned. The complainant insists that the latter companies are, as well as the Erie Railway Company, by which the alleged excessive charges were made, and to which the payments were made by him, liable to and bound to repay him. The answers of the defendants deny that the alleged illegal charges were made, and insist that all the charges complained of were lawful, and they also insist that the remedy of the complainant is at law. The prayer of the bill is that the Erie Railway Company, the Paterson and Hudson River Railroad Company, the Paterson and Ramapo Railroad Company, and the Long Dock Company may account with the complainant for the unlawful charges and tolls asked, demanded and received from him for freight and transportation between Jersey City and Paterson, either way, between the 1st day of March, 1872, and the 1st day of September, 1874; and that each of the three last-mentioned companies, as the lessor of the Erie Railway Company, be held to so account with him in proportion to the unlawful charge so made by its lessee, the Erie Railway Company, in proportion to the length of its road to the whole length of the road between Jersey City

and Paterson; and that, therefore, the Long Dock Company, as a lessor, responsible for such overcharges, be held to pay the complainant with respect to two and fifty-six hundredths miles; the Paterson and Hudson River Railroad Company with respect to twelve and fifty-eight hundredths miles, and the Paterson and Ramapo Railroad Company with respect to forty-nine hundredths of a mile of the length of the whole road between those points. It prays, also, that the defendants may make discovery for all and singular the transactions and matters before stated, and that an account may be taken, by and under the direction and decree of this court, of the alleged unlawful charges, dealings and transactions complained of in the bill; and that, in taking the account, the Erie Railway Company be primarily charged for the full amount of such unlawful charges, and that the other railroad companies, its lessors, be held secondarily chargeable, on failure or default of the Erie Railway Company to pay the amount, in proportion to their respective responsibility for the same, in the manner before stated, as to the length of their respective roads and their lawful right to charge freights thereon, or in some other manner as may be decreed to be just and equitable by this' court, and that such other and general relief may be granted in the premises as may be consistent with equity and good conscience.

It seems to me quite clear that no discovery is required. The bill is based upon the allegations of unlawful charges, made by the Erie Railway Company against the complainant, for carrying freights over the road. The amount of the lawful charge is stated, and the amount of the unlawful demand and the amount paid. No discovery can be required, with regard to these matters. The bill is filed really to recover from the defendants the amount of these alleged unlawful charges. The complainant insists that he is entitled to the aid of this court in the premises, on the ground that he is entitled, by law, to look to the lessors, as well as the lessees, for repayment of the moneys in question, and that if he were to have recourse to law for a remedy, he would be compelled to sue each of the lessors for a fractional part of the amount. He claims, as before stated,

that the Erie Railway Company is legally responsible for the excessive charges, and that the lessors of that company are also liable according to the proportions which their respective lengths of road bear to the whole. He was at liberty, therefore, to proceed at law against the Erie Railway Company, or against its lessors. Their liability to him (if it exists) is a purely legal one, and the proportions of the amount of the excessive charges which they should repay to him can be as well established at law as in this court. Indeed, he has stated them with clearness in the bill, and prays for a decree according to the proportions which are so stated. This objection having been taken in the answers, there is no reason why it should not be regarded on the final hearing. It seems to be entirely clear that the remedy of the complainant is at law and not in this court. The bill, therefore, will be dismissed, with costs.